STRAS, Justice
(concurring in part, dissenting in part).
I agree with many of the points made in Justice Page’s dissent, but write separately to explain my disagreement with Part III of the court’s opinion. The Legislature has stated in clear and unambiguous terms: “The court shall sentence a person to life imprisonment without possibility of release” for a conviction of first-degree premeditated murder. Minn.Stat. § 609.106, subd. 2 (2012). The entire court agrees that the mandatory LWOR *268 sentence prescribed by the Legislature is unconstitutional with respect to juveniles like Mahdi Ali under Miller v. Alabama, - U.S. -, 132 S.Ct. 2455, 2460, 183 L.Ed.2d 407 (2012),[1] but we disagree about the proper remedy.
It is well established that the judiciary does not write statutes; nor do we amend them, no matter the circumstances. See, e.g., Axelberg v. Comm’r of Pub. Safety, 848 N.W.2d 206, 213 (Minn.2014); Dukowitz v. Hannon Sec. Servs., 841 N.W.2d 147, 151-54 (Minn.2014); In re Estate of Karger, 253 Minn. 542, 548, 93 N.W.2d 137, 142 (1958). Instead, our authority is limited to the exercise of “judicial power.” Minn. Const. art. III; Minn. Const. art. VI, § 1; Sanborn v. Rice Cnty. Comm’rs, 9 Minn. (9 Gil.) 273, 278 (1864); see also State v. M.D.T., 831 N.W.2d 276, 284 (Minn.2013) (Stras, J., concurring) (stating that the power of the judicial branch is limited to exercising the “judicial power”). The court presumes that the “judicial power” includes the authority to establish procedures within the courts — a proposition that finds support in State v. Chauvin, 723 N.W.2d 20 (Minn.2006). Still, Chauvin provides, at most, only partial support for the court’s preferred remedy. Even if the “judicial power” includes authority to create an ad-hoc hearing procedure to comply with Miller, it certainly does not give courts the power to amend the heinous-crimes statute,[2] see Minn.Stat. § 609.106, subd. 2, to replace “shall” with “may” so that it now reads, “the court may sentence a person to life imprisonment without possibility of release,” or, as the court also has done, to provide a list of substantive factors for district courts to consider in determining the appropriate sentence.[3] Amending statutes is, and always has been, the Legislature’s job, particularly *269 when it involves defining criminal offenses and establishing criminal sentences. See State v. Osterloh, 275 N.W.2d 578, 580 (Minn.1978) (“Determination of what conduct constitutes a criminal offense and the punishment that ought to be imposed ... is peculiarly a legislative and not a judicial function.” (quoting State ex rel. Ahern v. Young, 273 Minn. 240, 243, 141 N.W.2d 15, 17 (1966))); State v. Moilen, 140 Minn. 112, 115, 167 N.W. 345, 346 (1918) (“It is the exclusive province of the Legislature to declare what acts ... constitute a crime, to prohibit the same and impose appropriate penalties for a violation thereof”).
Squarely within the scope of “judicial power,” however, is the power to sever an unconstitutional provision and enforce those remaining portions of the statute that do not violate the United States or Minnesota Constitutions. See State v. Barker, 705 N.W.2d 768, 773 (Minn.2005); State v. Shattuck, 704 N.W.2d 131, 143 (Minn.2005); see also State v. Melchert-Dinkel, 844 N.W.2d 13, 24 (Minn.2014) (setting forth guidelines for determining when it is permissible to sever the unconstitutional portions of a statute). That is what the Minnesota Constitution requires us to do here. Whether phrased in terms of statutory revival or severance of the unconstitutional provisions, the remedy is the same: we must declare the heinous-crimes statute unconstitutional as applied to Ali and remand the case to the district court with instructions to impose a sentence of life with the possibility of release.

. I agree with the court’s conclusion that Ali did not forfeit his constitutional claim under Miller. The court correctly relies on Osborne in reaching its conclusion, but I am concerned that the court’s description of Osborne may be incomplete. The key to understanding Osborne is that an intervening change in the law had excused the defendant’s failure to assert what otherwise would have been a futile objection in the district court. See State v. Osborne, 715 N.W.2d 436, 442 (Minn.2006) (noting that we had "consistently rejected any Blakely-type claim” and that we could not "expect defendants to continue, formalistically, to make motions or objections based on arguments that we have repeatedly rejected as being without legal merit”). Osborne does not broadly excuse the failure of defendants to object whenever there happens to be a change in the law.

. The court’s conclusion that the remedy in Chauvin is similar to the remedy in this case makes an apples-and-oranges comparison. An apple sounds like an orange when it is described as a sweet-tasting fruit that grows on a tree and has seeds. And while it is true that these are shared characteristics of both fruits, the fact remains that an apple is not an orange, and this case is not Chauvin. The court is correct when it says that Chauvin provides authority for the proposition that a court has the power in certain circumstances to make a procedural decision about which factfinder — the judge or the jury — will make a particular finding, but the court's comparison falls short when it uses Chauvin to support its chosen remedy in this case. Chauvin simply did not involve a situation in which we were required to change the Legislature’s prescribed sentence for an offense so that the statute could pass constitutional muster. In concluding otherwise, the court confuses apples and oranges.

.Nowhere in the court’s opinion does it actually say what its amended heinous-crimes statute says. The court cannot be applying the current statute because it mandates the imposition of a sentence of LWOR on Ali. See Sawh v. City of Lino Lakes, 823 N.W.2d 627, 637-38 (Minn.2012) (stating that the use of the word "shall” in a statute "indicates a duty that is mandatory, not one that is optional or discretionary”). Instead, we have to be dealing with a hypothetical statute of the court’s own making, and, as Justice Page points out in his dissent, it is impossible to know whether the court’s hypothetical statute creates a *269 constitutional problem under Blakely v. Washington, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004). If the statutory maximum of the court’s hypothetical statute is life with the possibility of release after 30 years, and additional facts must be found to impose a sentence of LWOR, then the Sixth Amendment to the United States Constitution requires those facts to be found by a jury, not by the judge. Id. at 301-04, 124 S.Ct. 2531. Of course, the applicability of Blakely depends on the specific wording of the statute, which is another reason why the Legislature, and not this court, must amend the statute.